CIACCIO, Judge.
Plaintiff sued New Orleans Public Service, Inc. and the City of New Orleans for damages allegedly caused by vibrations *54 from public service buses passing on the street in front of plaintiff’s house. The trial court rendered judgment in plaintiff’s favor and against NOPSI for five thousand ($5,000.00) dollars. The City of New Orleans was dismissed.
Plaintiff and NOPSI have appealed. We reverse the dismissal of the City and cast both defendants in solido. The judgment of the trial court is otherwise affirmed.
The issues presented by this case are (1) Did plaintiff suffer any damages?, (2) What caused the damages?, (3) Who is at fault?, and (4) What is the amount of damages? Questions (1), (2), and (4) are factual questions. Question (3) is a question of law.
In 1976 a new route for NOPSI’s Louisiana Avenue bus line was designated by City Ordinance. On its new route the bus passed in front of plaintiff’s house which is located on an interior residential street in the Hollygrove subdivision between Airline Highway and the Pontchartrain Expressway. Buses pass plaintiff’s house on an average of 140 times a day.
Plaintiff’s house is 85 years old. Plaintiff testified that prior to the buses passing she had a nice comfortable old house. Within six months after the buses began to pass, plaintiff began experiencing accelerated deterioration of her house; the front porch separated from the house; the basement floor cracked; the fireplace settled; doors and windows fell out of plumb; support beams fell and sundry other problems occurred.
A variety of experts testified. Their testimony indicated that although the vibrations from a single pass by a bus measured on the average approximately one-tenth of the intensity recognized as the threshold for causing damage, the repetition resulting from the numerous passings would cause accelerated wear and tear to the structure. Expert testimony also suggested that damage resulted from settlement due to soil desiccation caused by a variety of natural forces. It was also suggested that a significant amount of the deterioration was due to a lack of proper maintenance.
As stated in his “Reasons for Judgment”, the trial judge found, “The facts show that the house was in extreme disrepair. Nevertheless, some damage was done by vibrations from the busses passing.” We have reviewed the entire record and cannot say that these findings by the trial judge are clearly wrong. Consequently, we will not disturb them.
Questions (1) and (2) are resolved, therefore, by the conclusion that plaintiff suffered damage caused by vibrations from the buses passing in front of her house.
We must now determine who is at fault.
The process of selecting a permanent bus route involves the participation of both NOPSI and the City. NOPSI offers for City approval a proposed bus route. If approved by the appropriate City departments, the proposal is submitted to the City Council. The Council expresses its approval by passing an ordinance designating the route.
. All of the experts who were qualified to give an opinion about the ability of the street in front of plaintiff’s house to handle the load of the buses that passed agreed, when asked, that the street was not designed to handle the load. The street is the typical neighborhood asphalt street designed to carry automobile traffic and the occasional heavy load of the delivery truck type. With the heavy bus traffic the road surface developed cracks. The damaging vibrations were created when the buses rolled over these cracks. Both NOPSI and the City knew or should have known that routing the buses over this interior neighborhood street designed for lighter traffic would result in possibly damaging vibrations. D’Amico v. New Orleans Public Service, Inc., 348 So.2d 116 (La.App. 4th Cir.1977), writ refused, 350 So.2d 1214 (La. 1977). We conclude, therefore, that both NOPSI and the City are at fault, and we reverse that part of the judgment dismissing the City.
From the evidence submitted at the trial, the trial judge found that plaintiff’s house was in extreme disrepair, but that some damage was done by vibrations *55 from the buses passing. The judge assessed the evidence, both expert and lay, concerning the condition of the house, and he determined that the amount of damages attributable to the buses was five thousand ($5,000.00) dollars. The trier of fact is given much discretion in the assessment of damages in cases of offenses, quasi offenses, and quasi contracts. (See former La.C.C. Art. 1934 in effect at the time of the trial and current La.C.C. Art. 2324.1 effective January 1, 1985.) Absent an abuse of that discretion, we will not disturb the assessment of damages.
We have reviewed the entire record and do not find that the trial judge abused his discretion in the assessment of damages. We, therefore, affirm the trial court’s assessment of damages at five thousand ($5,000.00) dollars.
Accordingly, that part of the judgment dismissing the City is reversed, and the judgment is amended, and as amended affirmed, to cast New Orleans Public Service, Inc. and the City of New Orleans in solido for five thousand ($5,000.00) dollars in favor of plaintiff. All costs are to be paid by defendants.
REVERSED IN PART, AMENDED AND AFFIRMED.